U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 22 2025

CLERK, U.S. DISTRICT COURT
By _____ /ll
         Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| DAVID WILLIAM PRICE *pro se* | MOTION FOR HABEAS CORPUS PER 28 U.S.C § 2241 |
| V. | Case Number: 4-25CV-059-P |
| WARDEN, FMC Fort Worth | USM Number: 85744-510 |

Petitioner, appearing *pro se*, an inmate with the Federal Bureau of Prisons at FMC Fort Worth, submits this motion for Habeas Corpus per 28 U.S.C § 2241 and states the following.

Petitioner has been and continues to be prejudiced by the Bureau of Prison's (BOP) failure to correctly calculate and apply his First Step Act (FSA) Earned Time Credits (ETCs). This failure deprives him of the benefits that Congress intended he be able to receive under the FSA as outlined in 18 U.S.C. Section § 3632(d)(4). If the BOP's failure is not corrected, the Petitioner will serve a longer sentence than Congress intended under the First Step Act.

## FACTUAL BACKGROUND

Mr. David Price was living in his home country of England when he voluntarily appeared in the United States to be arrested on or about November 6, 2023. The following day, he pled guilty to Conspiracy to Harass Another Person to Prevent Testimony at an Official Proceeding, violating 18 U.S.C. § 1512(k) & (d). On March 6, 2024, Mr. Price was sentenced to 24 months in prison, followed by 1 year of supervised release.

Mr. Price is 66 years old and battling bone marrow cancer—a condition treated in the U.K. for a year before his surrender for the instant offense. He now resides in the Federal Medical Center in Fort Worth, Texas. Given his medical limitations and the limitations posed by the facilities where the BOP has placed him, Mr. Price has attempted to be productive during his

incarceration. He has never refused to participate in any program and maintains a low-risk assessment rating.

Mr. Price became eligible for Earned Time Credit accrual when the court sentenced him on March 6, 2024, and a calculation going back to this time would result in his eligibility for release approximately 45 days earlier than the calculation currently used by the BOP. Through the case managers and administrators at FMC Fort Worth, the BOP asserts that Mr. Price was not eligible for the accrual of ETCs until he arrived at his "designated" BOP facility on June 7, 2024. The BOP documented their assertions in FSA Time Credit Assessment (Exhibit 1) and the Public Information Inmate Data as of 10-16-2024 (Exhibit 2).[1]

As will be shown, this is not a case of first impression. The Bureau of Prisons has lost every case a prisoner brings, challenging its interpretation of the applicable FSA statutes. Nevertheless, the BOP arbitrarily denies some inmates ETCs earned while they await transportation to their final "designated" facility while correctly applying these credits to other similarly situated inmates.

## THE EXHAUSTION REQUIREMENT

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Generally, a federal prisoner must exhaust their administrative remedies before seeking habeas relief in federal court under § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004), cert. denied, 124 S. Ct. 2112 (2004); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); see also *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993).

---

[1] Although the two exhibit sheets are dated in October 2024, they accurately document the position of the BOP. Obtaining new or updated calculation sheets is difficult within the facility housing the Petitioner.

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir.1985). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" and the petitioner bears the burden of demonstrating the futility of administrative review. *Fuller*, 11 F.3d at 62; *Gardner v. School Bd. Caddo Parrish*, 958 F.2d 108, 112 (5th Cir. 1992). One such "extraordinary circumstance" is where the delay of the administrative appeal process would subject the petitioner to irreparable injury. *Carling v. Peters*, Case No. 00-cv-2958 (E.D. Pa. July 10, 2000) 2000 U.S. Dist. LEXIS 10288, 2000 WL 1022959, at *2 (holding that exhaustion excused where delay would subject Petitioner to irreparable injury in the context of military enlistment).

The petitioner's circumstance is one where the attempt to exhaust such remedies would be patently futile, and the injury of serving a longer sentence than provided for by statute is irreparable. If this court does not waive exhaustion, Petitioner does not have the time to seek a remedy through the lengthy BOP administrative appeals process before his sentence expires. *See Pimentel v. Gonzales*, 367 F. Supp. 2d 365, 371-72 (E.D.N.Y. 2005) (where the prisoner was serving a 12-month sentence, requiring exhaustion would be futile because the request for placement in a program would be mooted by the end of his sentence).

## CONGRESS INTENDED THAT ELIGIBLE DETAINED DEFENDANTS BE AWARDED EARNED TIME CREDITS FROM THE TIME OF SENTENCING

The BOP currently shows a discrepancy of three months between when the Petitioner was sentenced (3/6/24) and when he was committed (6/7/24) (Exhibit 2, page 2). The BOP arrives at the "commitment date" when the Petitioner arrives at his designated facility, FMC Forth Worth. While using his date of arrival at his designated BOP facility would be appropriate if the Petitioner had voluntarily surrendered after his sentencing, in this case, the Petitioner was in

custody at the Limestone County Detention Center, 910 Tyus Street Groesbeck, Texas, when the court imposed its sentence on March 6, 2024.

The BOP assumes that the Petitioner is not eligible to earn ETCs until he reaches his designated Bureau facility. The BOP cites Program Statement 5410.01 CN-2 to support its position. The BOP published This Program Statement on March 10, 2023, to document its procedures and policies for implementing the Time Credits required by the First Step Act at 18 U.S.C. § 3632(d)(4). In this interpretation, Program Statement 5410.01 CN-2 conflicts with the language of the FSA, codified in 18 U.S.C. §3632, which makes it clear that Congress intended for ETCs to be available from the date the court sentences a detained defendant.

President Trump signed the FSA into law on December 21, 2018.  One of its goals included incentivizing and rewarding participation and completion of recidivism reduction programs and productive activities. Under the FSA, an eligible prisoner who is "determined by the Bureau of Prisons to be at a minimum or low risk for recidivating" may earn 10 days of ETCs, and after approximately 6 months, 15 days of ETCs for every 30 days of successful program participation. 18 U.S.C. §§ 3632(d)(4)(A), (B), (D). Days earned through this program may be  "applied toward time in prerelease custody." In other words, days earned under the FSA can take days off of an inmate's sentence.

18 U.S.C. § 3632(b)(4)(B)(ii) provides that a prisoner may not earn time credits "during official detention *prior to the date that a prisoner's sentence commences* under section 3585(a) (emphasis added)."  The statute's reference to 18 U.S.C. § 3585(a) makes it clear that prisoners are to be awarded ETCs from the commencement date of their sentence. 18 U.S.C. § 3585 (a) states,

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

When the Court sentenced Mr. Price on March 6, 2024, he was already in custody, awaiting transportation to the facility where he would serve his sentence. Accordingly, that is the date his FSA credit calculation should start.

## THE CONFLICT BETWEEN THE FSA STATUTE PASSED BY CONGRESS AND THE REGULATION WRITTEN BY THE BUREAU OF PRISONS

The BOP adopted a regulation that contradicts Congress's intent and conflicts with the above-cited statutory language. 28 C.F.R. § 523.42(a) states that prisoners are ineligible for FSA ETCs until they arrive at their final designated facility.

> An eligible inmate begins earning FSA Time Credits after the inmate's term of imprisonment commences (the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served).

When a case involves an administrative agency's construction of a statute it administers, the Court's analysis is governed by *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Under the *Chevron* framework, a reviewing court first determines if Congress has directly spoken to the precise question at issue in such a way that Congress's intent is clear. *Mujahid v. Daniels*, 413 F.3d 991, 997 (9th Cir. 2005) (internal quotations omitted) (quoting 2001) (quoting *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1268 (9th Cir. *Chevron*, 467 U.S. at 843 internal quotations and citations omitted)). "If the intent of Congress is clear, that is the end of the matter, for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842-43.[2]

Congress has directly addressed the precise question of when a prisoner is ineligible for FSA ETCs. 18 U.S.C. § 3632(d)(4)(B) explicitly bars prisoners from earning credits (1) before the statute was enacted and (2) during official detention before the prisoner's sentence

---

[2] The present situation does not require that we go beyond the first step of the *Chevron* analysis because there is no statutory ambiguity. Therefore, this case is not impacted by the recent decision in *Loper Bright Enterprises v. Raimondo* 603 U.S. 369 (2024) where the Supreme Court altered the second step in *Chevron* and held that the Administrative Procedure Act requires courts to exercise independent judgment in deciding whether an agency has acted within its statutory authority, thereby eliminating the second step in *Chevron* of deferring to agency interpretations solely based on statutory ambiguity.

commences under § 3585(a). As to the commencement of a sentence, Section 3585(a) unambiguously provides that "[a] term of imprisonment commences" when a prisoner is received in custody awaiting transportation to the official detention facility where they will serve their sentence. 18 U.S.C. § 3585(a).

Because the Petitioner was in BOP custody, his eligibility for FSA time credits under 18 U.S.C. § 3632(d)(4)(B)(ii) began immediately upon sentencing, as outlined in 18 U.S.C. § 3585(a). However, the BOP's interpretation of this timeline reflected in 28 C.F.R. § 523.42(a), conflicts with the statute's unambiguous language. As a result, *Chevron* deference does not follow, and the Court is obligated to apply the statutory text as written.

All other courts that have addressed this issue have come to the same conclusion. See *Yufenyuy v. Warden, FCI Berlin*, 2023 WL 2398300, at *4 (D.N.H. 2023) ("there is no ambiguity in any of the terms of § 3632(d)(4)(A) or (B), regarding when a prisoner's completion of programs will not count for purposes of earning time credits under the FSA"); *Huihui v. Derr*, 2023 WL 4086073, at *2 (D. Haw. 2023); *Patel v. Barron*, 2023 WL 6311281, at *5 (W.D. Wash. 2023); *Umejesi v. Warden, FCI Berlin*, 2023 WL 4101455 (D.N.H. 2023) and most recently, *Jobin v. Warden* (ED California 2024) No. 1:23-cv-01700-WBS-SKO (HC) (Petitioner's eligibility for FSA time credits commenced the moment he was sentenced under 18 U.S.C. § 3585(a), because he was in BOP custody.)

## CONCLUSION

Petitioner asserts that he should receive ETCs for all days he has spent in custody since his sentencing on March 6, 2024, because he was already in BOP custody at the time of sentencing. Accordingly, Petitioner prays that the Court grant his habeas petition and that the Court direct the BOP to recalculate Petitioner's time credits immediately.

Respectfully Submitted,

David William Price
Reg. No. 05744-510
FMC Fort Worth
P.O. Box 15330
Fort Worth, TX 76119

# Exhibit 1

# FSA Time Credit Assessment
Register Number:85744-510, Last Name:PRICE

| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |
|---|---|
| Register Number....: 85744-510<br>Inmate Name<br>  Last.............: PRICE<br>  First............: DAVID<br>  Middle...........: WILLIAM<br>  Suffix...........:<br>Gender.............: MALE<br>Start Incarceration: 03-06-2024 | Responsible Facility: FTW<br>Assessment Date.....: 10-15-2024<br>Period Start/Stop...: 06-07-2024 to 10-15-2024<br>Accrued Pgm Days....: 130<br>Disallowed Pgm Days.: 0<br>FTC Towards RRC/HC..: 0<br>FTC Towards Release.: 45<br>Apply FTC to Release: Yes |

```
Start        Stop        Pgm Status   Pgm Days
06-07-2024   10-03-2024  accrue       118
  Accrued Pgm Days...: 118
  Carry Over Pgm Days: 0
  Time Credit Factor.: 10
  Time Credits.......: 30
-----------------------------------------------------------------------------
Start        Stop        Pgm Status   Pgm Days
10-03-2024   10-15-2024  accrue       12
  Accrued Pgm Days...: 12
  Carry Over Pgm Days: 28
  Time Credit Factor.: 15
  Time Credits.......: 15
  --- FSA Assessment(s) -----------------------------------------------------
  #    Start       Stop        Assignment  Asn Start         Factor
  001  06-07-2024  07-05-2024  R-MIN       07-23-2024 08:25  10
  002  07-05-2024  10-03-2024  R-MIN       07-23-2024 08:25  10
  003  10-03-2024  01-01-2025  R-MIN       07-23-2024 08:25  15
```

**FSA Time Credit Assessment**
Register Number: 85744-510, Last Name: PRICE

| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |

--- Best Case Scenario - Conditional Pre-release Planning & Preparation Only ------------------
All conditional days and conditional dates below are the individual's best case scenario given the individual's FSA/FTC status and best case SCA days as of 10-15-2024. These dates can change if there are changes to one or more of the following: the individuals FSA risk, FSA opt-in/opt-out status, or best case SCA days.

SCA DAYS ARE NOT GUARANTEED AND REQUIRE AN INDIVIDUALIZED ASSESSMENT! THEREFORE, IF A DEFAULT OF 365 DAYS IS REFLECTED, THIS DATE IS SUBJECT TO CHANGE BASED ON THE REQUIRED FIVE-FACTOR REVIEW UNDER 18 USC SEC. 3621(B). AN INDIVIDUAL WHO HAS PENDING CHARGES/DETAINERS ARE NOT ELIGIBLE FOR SCA TIME. THE FIVE-FACTOR REVIEW INVOLVES THE FOLLOWING: (1) THE RESOURCES OF THE FACILITY CONTEMPLATED; (2) THE NATURE AND CIRCUMSTANCES OF THE OFFENSE; (3) THE HISTORY AND CHARACTERISTICS OF THE PRISONER; (4) ANY STATEMENT BY THE COURT THAT IMPOSED THE SENTENCE: (a) CONCERNING THE PURPOSES FOR WHICH THE SENTENCE TO IMPRISONMENT WAS DETERMINED TO BE WARRANTED; OR (b) RECOMMENDING A TYPE OF PENAL OR CORRECTIONAL FACILITY AS APPROPRIATE; AND (5) ANY PERTINENT POLICY STATEMENT ISSUED BY THE U.S. SENTENCING COMMISSION.
---

Projected Release Date: 07-19-2025
Projected Release Method: GCT REL
FSA Projected Release Date: 06-04-2025
FSA Projected Release Method: FSA REL
FSA Conditional Release Date: 03-06-2025
SCA Conditional Placement Days: 365*
SCA Conditional Placement Date: 03-06-2024*
FSA Conditional Placement Days: N/A
FSA Conditional Placement Date: N/A
Conditional Transition To Community Date: 03-06-2024*
*Default SCA conditional placement days. This requires a five-factor review!

```
FTWBZ            *       PUBLIC INFORMATION        *      10-16-2024
PAGE 001         *           INMATE DATA           *      10:49:20
                         AS OF 10-16-2024
```

REGNO..: 85744-510 NAME: PRICE, DAVID WILLIAM

```
                    RESP OF: FTW
                    PHONE..: 817-534-8400     FAX: 817-413-3350
                                              RACE/SEX...: WHITE / MALE
                                              AGE:  66
PROJ REL MT: GOOD CONDUCT TIME RELEASE         PAR ELIG DT: N/A
PROJ REL DT: 07-19-2025                        PAR HEAR DT:
```

G0002        MORE PAGES TO FOLLOW . . .

# Exhibit 2

```
     FTWBZ            *        PUBLIC INFORMATION        *    10-16-2024
     PAGE 002         *           INMATE DATA            *    10:49:20
                                AS OF 10-16-2024

   REGNO..: 85744-510 NAME: PRICE, DAVID WILLIAM

                      RESP OF: FTW
                      PHONE..: 817-534-8400    FAX: 817-413-3350
   FSA ELIGIBILITY STATUS IS: ELIGIBLE

    THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

    HOME DETENTION ELIGIBILITY DATE....: 03-24-2025

    FINAL STATUTORY RELEASE FOR INMATE.: 07-19-2025 VIA GCT REL
            WITH APPLIED FSA CREDITS.:  45   DAYS
    THE INMATE IS PROJECTED FOR RELEASE: 06-04-2025 VIA FSA REL

    ------------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

   COURT OF JURISDICTION...........: TEXAS, NORTHERN DISTRICT
   DOCKET NUMBER...................: 3:09-CR-00141-K(4)
   JUDGE...........................: KINKEADE
   DATE SENTENCED/PROBATION IMPOSED: 03-06-2024
   DATE COMMITTED..................: 06-07-2024
   HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
   PROBATION IMPOSED...............: NO

                   FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
   NON-COMMITTED.: $100.00        $00.00          $00.00        $00.00

   RESTITUTION...: PROPERTY:  NO  SERVICES:  NO      AMOUNT: $50,700,400.00

   ------------------------CURRENT OBLIGATION NO: 010 ------------------------
   OFFENSE CODE....:  866    18:1512 OBSTRUCT JUSTICE
   OFF/CHG: 18:1512(K) & 1512(D) CONSPIRACY TO HARASS ANOTHER PERSON TO
            PREVENT TESTIMONY AT AN OFFICIAL PROCEEDING. CT. 1.

     SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
     SENTENCE IMPOSED/TIME TO SERVE.:   24 MONTHS
     TERM OF SUPERVISION............:    1 YEARS
     DATE OF OFFENSE................: 05-31-2009




     G0002      MORE PAGES TO FOLLOW . . .
```

```
 FTWBZ            *         PUBLIC INFORMATION           *      10-16-2024
PAGE 003 OF 003  *            INMATE DATA                *      10:49:20
                            AS OF 10-16-2024

 REGNO..: 85744-510 NAME: PRICE, DAVID WILLIAM

                    RESP OF: FTW
                    PHONE..: 817-534-8400    FAX: 817-413-3350
-------------------------CURRENT COMPUTATION NO: 010 -----------------------

 COMPUTATION 010 WAS LAST UPDATED ON 07-24-2024 AT DSC AUTOMATICALLY
 COMPUTATION CERTIFIED ON 07-24-2024 BY DESIG/SENTENCE COMPUTATION CTR

 THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
 CURRENT COMPUTATION 010: 010 010

 DATE COMPUTATION BEGAN..........: 03-06-2024
 TOTAL TERM IN EFFECT............:    24 MONTHS
 TOTAL TERM IN EFFECT CONVERTED..:     2 YEARS
 EARLIEST DATE OF OFFENSE........: 05-31-2009

 JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                      11-06-2023     03-05-2024

 TOTAL PRIOR CREDIT TIME.........: 121
 TOTAL INOPERATIVE TIME..........: 0
 TOTAL GCT EARNED AND PROJECTED..: 108
 TOTAL GCT EARNED................: 0
 STATUTORY RELEASE DATE PROJECTED: 07-19-2025
 ELDERLY OFFENDER TWO THIRDS DATE: 03-06-2025
 EXPIRATION FULL TERM DATE.......: 11-04-2025
 TIME SERVED.....................:    11 MONTHS    11 DAYS
 PERCENTAGE OF FULL TERM SERVED..:  47.3
 PERCENT OF STATUTORY TERM SERVED:  55.6

 PROJECTED SATISFACTION DATE.....: 06-04-2025
 PROJECTED SATISFACTION METHOD...: FSA REL
       WITH FSA CREDITS INCLUDED...:  45




 G0000         TRANSACTION SUCCESSFULLY COMPLETED
```

David William Price
Reg. No. 85744-510
FMC Fort Worth
P.O. Box 15330
Fort Worth, TX 76119

January 15, 2025

Clerk of the Civil Court
US District Court, N District
501 W 10th St, Room 310
Fort Worth, TX 76102-3673

        Re:    David William Price v. Warden, FMC Fort Worth
                2241 Motion to compel the BOP to apply all earned FSA credits

Dear Clerk of the Civil Court,

I respectfully submit this 2241 Petition and ask that you open a habeas corpus case on my behalf.

As I represent myself, I am submitting my motion via paper copy.

I request the court's help serving the Warden of FMC Fort Worth with a copy of this petition and a summons.

I greatly appreciate your time and attention to this matter.

Sincerely,


David William Price
Reg. No. 85744-510




**PRIORITY MAIL FLAT RATE ENVELOPE**
**POSTAGE REQUIRED**

PRESS FIRMLY TO SEAL   PRESS FIRMLY TO SEAL

# UNITED STATES POSTAL SERVICE® | PRIORITY® MAIL

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

JAN 2 2 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

**TRACKED ■ INSURED**


PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP



US POSTAGE IMI  900950116125012  2000393566
$10.45
SSK
PM
01/16/25   Mailed from 84108   026W2312043

**PRIORITY MAIL®**

DAVID W PRICE
REG NO 85744-510
PO BOX 15330
FORT WORTH TX 76119-0330

3.90 oz
RDC 03

EXPECTED DELIVERY DAY: 01/21/25    C024

SHIP TO:
CLERK OF THE CIVIL COURT
501 W 10TH ST
FORT WORTH TX 76102-3637

**USPS TRACKING® NUMBER**

9505 5066 7816 5016 7894 40

